# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KAREEM JACOX, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFF SESSIONS, Attorney General of the ) <br> United States, ) <br> ) <br> Defendant. ) <br> ) | No. 16-cv-2303-SHL-dkv |

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S OBJECTION TO THE CHIEF MAGISTRATE JUDGE'S ORDER AND DISMISSING COMPLAINT

On May 5, 2016, Plaintiff Kareem Jacox filed his *pro se* Complaint, alleging that his former employer, the Drug Enforcement Administration (the "DEA"), discriminated against him based on his physical and mental disabilities, his gender and in retaliation for engaging in protected activities. (Compl., ECF No. 1.) On September 12, 2016, Defendant Loretta Lynch,[1] then Attorney General of the United States, filed a Motion to Dismiss (ECF No. 9), to which Plaintiff filed his response on September 21, 2016 (ECF No. 10). Defendant filed a Reply on October 3, 2016. (ECF No. 11.)[2] Without leave of Court, Plaintiff filed a *pro se* Amended Complaint on October 21, 2016. (ECF No. 14.) On October 27, 2016, Defendant filed a Motion

---

[1] The Clerk is directed to substitute Jeff Sessions, Attorney General of the United States, for Loretta Lynch as Defendant. See Fed. R. Civ. P. 25(d).

[2] Plaintiff filed an additional response on October 11, 2016. (ECF No. 12.) To the extent Plaintiff intended to file a sur-reply, the Court will not consider it herein because it was filed without leave of Court. Additionally, as the Chief Magistrate Judge noted, Plaintiff's arguments in that filing were merely repetitive of his earlier filings.

to Strike Plaintiff's Amended Complaint (ECF No. 15), which the Chief Magistrate Judge granted on October 28, 2016. (ECF No. 16.)

On November 7, 2016, Plaintiff filed a Motion, objecting to the Chief Magistrate Judge's Order striking his Amended Complaint. (ECF No. 17.) Subsequently, on November 23, 2016, the Chief Magistrate Judge submitted a Report and Recommendation ("R&R"), recommending that the Court grant Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted and for failure to exhaust administration remedies. (ECF No. 18.) Plaintiff filed his objection to the R&R on December 2, 2016. (ECF No. 19.) Defendant has not responded.

## STATEMENT OF THE CASE

I. <u>Factual Allegations</u>:[3]

Plaintiff was hired by the DEA in 2004 and became a Special Agent in 2005. (Compl. 5, ECF No. 1.) He was called into active duty from the Army Reserves from April 2013 through December 2013, during which time he suffered from serious and chronic health conditions. (Id.) Beginning in October 2013, Plaintiff notified the DEA's Health Services Unit that the changes in his health may affect his role as a Special Agent. (Id.) On December 12, 2013, Plaintiff informed Defendant in writing that he was released from active duty, that his healthcare provider took him off work because he was completely disabled and that he would be undergoing complex healthcare services. (Id. at 6.) He also sent Defendant's management personnel requested medical records, and was placed on limited duty. (Id.; Mem., ECF No. 1-7 at PageID 325.)

In January 2014, pursuant to the requirements of the Federal Employees Retirement System ("FERS"), Plaintiff began the process of applying for disability from the Social Security

---

[3] The following recitation of the facts is taken from Plaintiff's Complaint, as well as the exhibits attached thereto, and are accepted as true for purposes of this Order.

Administration ("SSA").  On January 16, 2014, he submitted an SSA form to his direct supervisor, Gabe Bewley, to be completed and returned within seven days.  (Compl. 7, ECF No. 1.)  On January 21, 2014, Mr. Bewley informed Plaintiff that he had given the letter to his Supervisor, Brian Chambers, who in turn informed Plaintiff that he sent the letter to Michael Stanfill, the Assistant Special Agent in charge of Tennessee.  (Id. at 7-8.)  On either January 22 or 23, 2014, an SSA representative, Alicia Moore, contacted Plaintiff to inform him that she had received a call from Mr. Stanfill, requesting Plaintiff's healthcare information.  (Id. at 9.)  Plaintiff advised Ms. Moore that he did not authorize her to reveal any of his protected healthcare information to Mr. Stanfill.  (Id.)  Mr. Bewley then informed Plaintiff that he could not complete the form because he could not assess Plaintiff's productivity percentage, which was required for the form.  (Id. at 10-11.)  On February 26, 2014, Mr. Stanfill informed Plaintiff that they could not complete the form and "could not help Plaintiff if they did not know what's going on with him."  (Id. at 13.)  That same day, Plaintiff filed an online complaint for harassment against Mr. Stanfill based on Stanfill's attempt to obtain information about Plaintiff's medical condition.  (Id.)

Also on February 26, 2014, Plaintiff received two memoranda.  The first, sent by Harry Sommers, the Special Agent in Charge, Atlanta Field Division, placed Plaintiff on five days administrative leave for his "recent erratic behavior," including "leaving the office early without supervisory approval, disputing [his] established work hours, accusing [his] supervisors of attempts to determine [his] medical condition and harassing behavior."[4]  (Mem., ECF No. 1-8 at PageID 399.)  The second memorandum, sent by Mr. Stanfill, was to "readdress [his] established working hours while [he is] on Limited Duty and receiving Availability Pay."  (Id. at PageID

---

[4] As part of this leave, Plaintiff was directed to surrender his badge and all government property in his possession.  (Compl. 14, ECF No. 1.)

400-01.) This memorandum addressed a disagreement between the parties over Plaintiff's duty hours. (Id.) Specifically, Mr. Stanfill indicated that, for Plaintiff to retain "Availability Pay," his duty hours were to be Monday through Friday, 8:30 a.m. to 7:00 p.m., rather than 8:00 a.m. to 4:30 p.m., which were the hours Plaintiff had been working prior to that time. (Id.)

On March 11, 2014, Plaintiff alleges that Mr. Bewley informed him that Mr. Chambers wanted Plaintiff to write "a series of Memorandums for medical necessity for work hours," although Plaintiff does not indicate what those memorandums were comprised of or why he was required to write them. (Compl. 21, ECF No. 1.) Then, on March 12, 2014, Mr. Chambers formally referred Plaintiff to the Employee Assistance Program out of concern for his "erratic behavior." (Mem., ECF No. 1-8 at PageID 402-04.) On the same day, Plaintiff contacted the Atlanta Field Division Officer to file another harassment complaint. (Compl. 21, ECF No. 1.) On March 21, 2014, Plaintiff was reassigned to report to Mr. Chambers, which Plaintiff alleges did not follow standard agency procedures. (Id.) Plaintiff alleges that "[o]ther Special Agents in Tennessee that had [sic] issued medical advisories by the Health Services Unit were treated more favorable than Plaintiff when they were not subjected to harassment allegations levied against them for erratic behavior." (Id. at 18.)

On April 11, 2014, Plaintiff requested sick leave beginning April 18, 2014, which Defendant initially denied. (Id. at 22.) Plaintiff alleges that a request for sick leave requires mandatory approval when requested by a disabled veteran. (Id.) On April 18, 2014, Mr. Chambers informed Plaintiff that his sick leave request was approved by DEA headquarters. (Id.) Meanwhile, on April 17, 2014, Mr. Chambers issued Plaintiff a Suitability Review Protocol ("SRP") Evaluation memorandum, dated April 15, 2014, which requested that Plaintiff go to Washington, D.C. on May 5 through May 8, 2014 for an evaluation. (Id.; Mem., ECF No. 1-10

4

at PageID 447.) On April 22, 2014, Plaintiff received another SRP, rescheduling the evaluation for May 27-28, 2014, in Washington, D.C. (Compl. 22, ECF No. 1; Mem., ECF No. 1-10 at PageID 449-50.) Plaintiff was instructed that his failure or refusal to report for a scheduled SRP would subject him to disciplinary action, "up to and including removal." (Mem., ECF No. 1-10 at PageID 449.) Plaintiff refused to sign the "Acknowledgement of Receipt" page on the second SRP memorandum and did not appear in Washington, D.C. in May 2014, as ordered. (Id. at PageID 456.) A third SRP memorandum issued September 24, 2014, scheduled an SRP evaluation process for October 20-21, 2014. (Id.)

On September 5, 2014, Plaintiff was issued a memorandum placing him on leave restriction due to his "excessive use of unscheduled leave since July 2014." (Id. at PageID 451.) On September 17, 2014, Plaintiff filed an employment discrimination complaint with the Department of Justice ("DOJ") against the DEA, alleging discrimination based on disability and retaliation. (Exh. 1, ECF No. 1-1.) Plaintiff then retired on October 31, 2014. (Compl. 23, ECF No. 1.) The DOJ issued a final decision on the complaint on February 2, 2016, concluding that Plaintiff was not subjected to either disparate treatment or a hostile work environment based on disability or reprisal. (Exh. 1, ECF No. 1-1.) Thereafter, Plaintiff filed the present Complaint, which was timely filed within 90 days of the final decision of the DOJ. See 29 C.F.R. § 1614.407(a).

II.     Procedural Posture

Plaintiff filed this *pro se* Complaint on May 6, 2016, challenging the decision of the DOJ and asserting that his former employer, the DEA, discriminated against him based on his alleged mental and physical disability, in violation of the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act of 1973, and retaliated against him for engaging in protected activity,

in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII")[5] and the Rehabilitation Act. (Compl., ECF No. 1.) Defendant filed a Motion to Dismiss (ECF No. 9) on September 12, 2016, arguing that Plaintiff's disability discrimination and retaliation claims fail to state a claim upon which relief may be granted and that all other claims by Plaintiff were not administratively exhausted. On November 23, 2016, the Chief Magistrate Judge issued a Report and Recommendation, recommending that Defendant's Motion to Dismiss be granted. (ECF No. 18.) Plaintiff filed a timely objection on December 2, 2016 (ECF No. 19), to which Defendant did not respond.

Although Plaintiff's filing lacks specific objections,[6] the Court construes his submission as lodging two general objections to the Chief Magistrate Judge's findings. First, Plaintiff objects to the finding that he fails to establish a *prima facie* case of disability discrimination because he has not established that other non-protected employees were treated differently than him. (ECF No. 19.) Next, he objects to the finding that he has not established a *prima facie* case of retaliation because he has not shown that the DEA took adverse action against him in response to a protected activity. It does not appear that Plaintiff has objected to any other findings of fact or law by the Chief Magistrate Judge.

---

[5] As noted by the Chief Magistrate Judge, Plaintiff does not allege any facts implicating Title VII, and, therefore, the Court will construe his retaliation claims as brought under the Rehabilitation Act. (See ECF No. 18 at 14-15.)

[6] In his objection, Plaintiff primarily discusses his assertion that he has standing to pursue his claims here. The Chief Magistrate Judge did not find that Plaintiff lacked standing, nor did Defendant raise the issue of standing in the Motion to Dismiss. Therefore, the Court can only assume that Plaintiff misinterpreted the Chief Magistrate Judge's finding that he failed to state a claim as a finding that he lacked standing. Because there is no challenge to standing, the Court does not address the issue herein.

**ANALYSIS**

I.   Standard of Review

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, 2016 WL 4261761, at *1 (E.D. Kent. August 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court need not review findings that are not objected to under a *de novo* or any other standard. Thomas, 474 U.S. at 150.

In reviewing Plaintiff's objections, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Under that standard, a court must determine whether the plaintiff has stated a plausible claim upon which relief may be granted, while "constru[ing] the complaint in the light most favorable to the plaintiff, accept[ing] its allegations as true, and draw[ing] all reasonable inferences in favor of the plaintiff." DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in

the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

II.     Failure to State a Claim

In the R&R, the Chief Magistrate Judge concluded that Plaintiff's Complaint fails to state a claim upon which relief may be granted for either disability discrimination or retaliation. (ECF No. 18.) The Court reviews *de novo* Plaintiff's specific objections to the findings of the R&R. The Court agrees with the Chief Magistrate Judge that Plaintiff has not set forth viable disability discrimination and retaliation claims.

   A.     Disability Discrimination Claim

In the R&R, the Chief Magistrate Judge found that Plaintiff fails to state a *prima facie* claim for disability discrimination because (1) he has not alleged that, even with reasonable accommodations, he would have been able to perform his duties as a Special Agent; and (2) he has not shown how similarly situated non-protected employees were treated differently than him. Of the Chief Magistrate Judge's findings, Plaintiff objects with the necessary specificity only as to the finding that he fails to show that similarly situated nondisabled employees were treated differently. This Court notes that Plaintiff's claim fails as a matter of law based on the finding which was not objected to, but will also address the objection.

To establish a *prima facie* case for a disability discrimination under the ADA and the Rehabilitation Act based on circumstantial evidence, which is the basis of Plaintiff's allegations, a plaintiff must show: (1) that he is disabled; (2) that he is otherwise qualified for the position, with or without reasonable accommodation; (3) that he suffered an adverse employment action; (4) that the employer knew or had reason to know of his disability; and (5) he was either replaced

by a nondisabled person or his position remained open while the employer sought other applications. Daughtery v. Sajar Plastics, Inc., 544 F.3d 696, 703 (6th Cir. 2008) (quoting Macy v. Hopkins Cnty. Sch. Bd. of Educ., 484 F.3d 357, 365 (6th Cir. 2007). The last prong "may also be satisfied by showing that similarly situated non-protected employees were treated more favorably." Jones v. Potter, 488 F.3d 397, 404 (6th Cir. 2007) (quoting Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995)).

In addition to the finding that Plaintiff failed to allege that he could perform his job functions with reasonable accommodations, which was not objected to, the Chief Magistrate Judge also found that Plaintiff failed on the last prong because he did not allege how similarly situated non-protected employees were treated more favorably than him. In his Complaint, he only claims that the DEA "did not show the same interest in other persons with disabilities when they were placed on limited duties and issued medical advisories." (Compl. 18-19, ECF No. 1.) In his objection, Plaintiff argues that he has met this prong by showing (1) that other reassigned employees were not reassigned by Mr. Stanfill, but by the Senior Agent in charge ("SAC") of the Atlanta Field Division; and (2) that no other employees have had their leave denied. (Obj. 4, ECF No. 19.) However, Plaintiff does not address how any of these employees are allegedly similarly situated to him, other than working in the Memphis Field Office, which is a fatal flaw in his allegations. Therefore, Plaintiff still fails to establish the final prong of the *prima facie* case.

Even if Plaintiff could establish the final prong, as previously noted, he has failed to raise a specific objection to the Chief Magistrate Judge's additional finding that he has not alleged that, even with reasonable accommodations, he would have been able to perform his job as a

Special Agent. The Court need not review findings that are not objected to. However, the Court has reviewed this finding for clear error, and finds none.

The Court agrees with the Chief Magistrate Judge that Plaintiff fails to establish a *prima facie* case for disability discrimination, and, therefore, his claim must be dismissed.

> B.  ADA Retaliation Claim

In the R&R, the Chief Magistrate Judge also found that Plaintiff fails to establish a *prima facie* claim for retaliation under the Rehabilitation Act and the ADA because (1) he fails to show that his February 24, 2014 and March 12, 2014, complaints of harassment constitute protected activity, and (2) he fails to show a causal connection between any adverse action taken against Plaintiff and his complaints. (ECF No. 18 at 15-17.) To establish a claim for retaliation, Plaintiff must show that: (1) he engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took adverse action against him; and (4) there was a causal connection between the protected activity and the adverse action. Rorrer v. City of Stow, 743 F.3d 1025, 2046 (6th Cir. 2014). "The ADA is not [] a catchall statute creating a cause of action for any workplace retaliation, but protects individuals only from retaliation for engaging in . . . activity covered by the ADA." Id. (citing 42 U.S.C. § 12203(a)). The ADA protection against retaliation does not protect an employee who contests or opposes "employment decisions that do not involve any claims of discrimination." Id. The Chief Magistrate Judge concluded that Plaintiff's harassment complaints did not involve any claims of disability discrimination. (ECF No. 18 at 16-17.)

In his objections, Plaintiff specifically objects only to the finding of whether adverse action was taken against him. He claims that, after his complaint, he was reassigned and denied leave. (Obj. 4, ECF No. 19.) Even if the Court considers Plaintiff's harassment complaints as

10

constituting protected activities, Plaintiff provides no support to establish a plausible claim that any adverse action taken against him was caused by his complaints, rather than his own behavior or work hours. The facts alleged by Plaintiff show that he missed a significant amount of scheduled work hours beyond his sick leave and that he refused to report to multiple scheduled SRP evaluations. The alleged harassment involved his superior's attempt to obtain information to complete a SSA disability form. Taking all Plaintiff's alleged facts as true, there is not a sufficient factual basis to state a plausible claim of retaliation. See Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'")

Consequently, the Court agrees with the Chief Magistrate Judge that Plaintiff fails to establish a *prima facie* case for retaliation.

III.    Failure to Exhaust Administrative Remedies

Two potential claims by Plaintiff remain: sex discrimination and failure to accommodate. First, Plaintiff checked the box for sex discrimination in paragraph 8 of his Complaint, but alleged no facts to support this claim. (ECF No. 1 at 4.) Second, in the Motion to Dismiss, Defendant speculates as to whether Plaintiff is alleging a failure to accommodate claim, to which the Chief Magistrate Judge found Plaintiff had not exhausted his administrative remedies. However, no such claim appears to be raised by Plaintiff in his Complaint or in any of his responses or objections.

Because Plaintiff did not object to the Chief Magistrate Judge's finding that he failed to exhaust administrative remedies for his potential failure to accommodate claim, the Court need not consider it under a *de novo* or any other standard. Moreover, the sex discrimination and

failure to accommodate claims were not raised in his complaint filed with the DOJ, and, therefore, are barred from being considered here.

IV.     Plaintiff's Amended Complaint

In an October 28, 2016 Order, the Chief Magistrate Judge struck Plaintiff's Amended Complaint for failure to abide by the requirements of Federal Rule of Civil Procedure 15. Plaintiff objected to this on November 7, 2016, arguing that he was only attempting to remove his claim for sex discrimination. (ECF No. 17.)

First, by way of procedure, the Court may designate a magistrate judge to hear and determine any pretrial matter pending before it. 28 U.S.C. § 636(b)(1)(A). The Court may reconsider any non-dispositive pretrial matter handled by a magistrate judge only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id. Here, Plaintiff has made no showing that the Chief Magistrate Judge's Order striking his Complaint is clearly erroneous or contrary to law. Moreover, there is no adverse effect on Plaintiff because, as he has stated, his proposed Amended Complaint merely struck a claim he had previously included in his Complaint. Therefore, the Court **DENIES** Plaintiff's Motion.

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation in whole. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss for failure to state a claim and failure to exhaust administrative remedies, and dismisses all claims by Plaintiff against Defendant. Additionally, the Court **DENIES** Plaintiff's pending Motion objecting to the Chief Magistrate Judge's Order striking his Amended Complaint.

**IT IS SO ORDERED**, this 17th day of April, 2017.

            s/ Sheryl H. Lipman
            SHERYL H. LIPMAN
            UNITED STATES DISTRICT JUDGE